NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3298

JACQUELINE L. WASHINGTON-THOMAS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Jacqueline L. Washington-Thomas, of Hollywood, Florida, pro se.

Joseph A. Pixley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3298

JACQUELINE L. WASHINGTON-THOMAS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752010577-M-2.

_____

DECIDED: February 4, 2009

_____

Before MAYER, LOURIE, and SCHALL, Circuit Judges.

PER CURIAM.

Jacqueline L. Washington-Thomas appeals the final order of the Merit Systems Protection Board denying her petition for review of the initial decision that dismissed, as settled, her appeal of the Department of Veterans Affairs ("agency") removal action. Washington-Thomas v. Dept. of Veterans Affairs, No. AT-0752-01-0577-M-2 (M.S.P.B. Jan. 15, 2008). The board concluded that there was no new, previously unavailable evidence and that the administrative judge made no error in law or regulation affecting the outcome. Id.; 5 C.F.R. § 1201.115(d). We affirm.

On April 21, 2001, Washington-Thomas was removed from her position as a police officer with the VA Healthcare System on the basis of an annual VA psychological evaluation finding that she was not psychologically fit for duty. On August 29, 2001, in the course of appealing her removal, she entered into an oral settlement agreement with the agency in which she agreed to dismiss the appeal and thereupon apply to the Office of Personnel Management ("OPM") for disability retirement benefits. The agency agreed to assist her in completing her disability retirement application, and stipulated that she could refile her removal appeal if OPM denied her application. Twelve days later, Washington-Thomas, through new counsel, contacted the board in an effort to rescind the settlement agreement and continue her initial appeal. The board ordered her to show cause why the appeal should not be dismissed as settled. Washington-Thomas did not respond to the show cause order, and the board dismissed the appeal.

Washington-Thomas did not apply for OPM disability retirement benefits. Rather, she petitioned the board for review the initial decision, and appealed its denial to this court. After remand and further proceedings determining the validity of the settlement agreement, the board dismissed the appeal again as settled, and that decision became final on November 12, 2004. Almost a year later, on November 10, 2005, she submitted a completed application for disability retirement to OPM, which OPM denied as untimely. After unsuccessfully appealing OPM's denial, Washington-Thomas sought to refile her initial removal appeal, per the terms of the settlement agreement. The board dismissed this refiled appeal, reasoning that her right to refile was contingent upon her agreement to apply for OPM disability retirement benefits expeditiously upon dismissal

of the initial appeal. Because she neglected to apply for OPM disability retirement benefits within a reasonable period of time "upon dismissal" of the appeal, she failed to comply with her end of the bargain, and therefore could not enforce the agreement's provision that would have permitted her to postpone and refile her removal appeal.

We must affirm the final decision of the board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c). The board correctly determined that the settlement agreement became effective and binding when formed on August 29, 2001. We agree with the board that in the settlement agreement the parties intended the language "upon dismissal of the appeal" to impose a reasonableness requirement regarding the time frame during which Washington-Thomas agreed to file her OPM disability retirement application. Her delay in submitting the application to OPM until October 2005—four years after entering into the agreement and nearly one year after exhausting her administrative remedies—was unreasonable. Because Washington-Thomas failed to satisfy this condition precedent to refiling her appeal, the board properly dismissed it as settled.